UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BILAL SALEH, Individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MET BATH SPA EXPERIENCE, LLC,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ 　No. 0:17-CV-62322<br>§<br>§<br>§<br>§<br>§ |

DEFENDANT'S MOTION TO DISMISS UNDER
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)[1]

Respectfully submitted,

By: /s/ Leanne McKnight Prendergast
　　Leanne McKnight Prendergast

William J. Akins (pro hac vice to be filed)
Texas State Bar No. 24011972
FisherBroyles, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
214-924-9504 (Telephone)
214-481-3768 (Facsimile)
william.akins@fisherbroyles.com

Leanne McKnight Prendergast
Florida Bar No. 59544
12620 Beach Blvd. Ste. 3 #126
Jacksonville, Florida 32246
(904) 479-6612
Leanne.prendergast@fisherbroyles.com

ATTORNEYS FOR DEFENDANT

---

[1] This motion is made subject to Defendant's Motion to Stay Proceedings Pending a Ruling by the D.C. Circuit Court of Appeals.

1

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE BETH BLOOM:**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Me Bath Spa Experience, LLC ("Me Bath") moves to dismiss the lawsuit filed by Bilal Saleh, individually and on behalf of others similarly situated ("Plaintiff") for lack of personal jurisdiction.

### SUMMARY

Plaintiff's putative class action claims that Me Bath is liable for telemarketing text messages sent via an "automatic telephone dialing system" ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). *See* 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff pleads that Me Bath hired and used a third-party (who has not been sued)[2] to send those texts: "[Me Bath] hired a third-party company believed to be Callfire, Inc. d/b/a EZ Texting to sent the marketing text messages in question via the '313131' short code to Plaintiff and members of the proposed class." (Compl. at ¶¶ 40; 4-5). Plaintiff pleads that Me Bath is a Delaware corporation with its principal place of business in California. (Compl. at ¶ 11). Plaintiff claims that he and others received texts nationwide, but he does not address how Me Bath's contacts, via a third-party, establish general or specific personal jurisdiction in Florida.

Further, Plaintiff fails to state a claim under Section 227(b)(1)(A)(iii). Me Bath, by Plaintiff's own admissions, did not "make" the texts at issue. Only the maker of the texts could be liable under that section. Similarly, there is no vicarious liability under that section, eliminating any basis for liability against Me Bath. For these reasons, the Court should dismiss Plaintiff's case in its entirety.

---

[2] Plaintiff sometimes refers to Me Bath as "Defendants," although Plaintiff sued only one defendant: Me Bath.

**RULE 12(b)(2)**

A.      **Standard for Personal Jurisdiction**

Plaintiff alleges that the Court has federal question jurisdiction under the TCPA. The TCPA does not authorize the nationwide service of process in private actions. *See Sojka v. Loyalty Media LLC*, No. 14-CV-770, 2015 WL 2444506, at *2 (N.D. Ill. May 20, 2015). Thus "[a] federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

Rule 12(b)(2) authorizes the dismissal of a complaint where the court lacks personal jurisdiction over a party. FED. R. CIV. P. 12(b)(2). "On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendants. *Pureterra Naturals, Inc. v. Cut-Heal Animal Care Prods., Inc.*, 674 F. Supp. 2d 1294, 1296 (M.D. Fla. 2009). Plaintiff does not specify whether personal jurisdiction is specific or general. Me Bath addresses both; and both fail.

B.      **No Specific Personal Jurisdiction**

    1.      *Statutory and Due Process Requirements*

Plaintiff "must establish that both the statutory <u>and</u> the due process requirements for specific jurisdiction have been met[.]" *Fraser v. Smith*, 594 F.3d 842, 848 (11th Cir. 2010) (emphasis added). "The specific-jurisdiction provision of Florida's long-arm statute states, in relevant part, that a defendant 'submits himself or herself [. . .] to the jurisdiction of the courts of this state for any cause of action arising from" the defendant's

activities '[o]perating, conducting, engaging in, or carrying on a business or business venture in this state.'" *Id.* at 847 (quoting FLA. STAT. § 48.193(1)(a)). In addition to the statutory requirements, the Supreme Court has restricted where entities may be sued under specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1775 (2017).

In *Bristol-Myers Squibb Co.* ("BMS"), a group of plaintiffs, consisting of some California residents and predominately non-California residents, filed a mass tort action in California state court alleging injuries caused by the pharmaceutical drug Plavix. 137 S.Ct. at 1778. Once the case reached the Supreme Court, it held that California did not have personal jurisdiction over the defendant with regards to the claims of the non-California residents. *See id.* at 1783.

Although BMS was a mass tort action, this should not alter its application to class actions. This is because the due process analysis is the same. As one court recently observed: "Plaintiffs attempt to side-step the due process holdings in [BMS] by arguing that the case has no effect on the law in class actions because the case before the Supreme Court was not a class action. This argument is flawed. The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case." *In re Dental Supplies Antitrust Litigation*, 16 Civ. 696 (E.D. NY Sept. 20, 2017). This is a sensible conclusion because, while the class action mechanism is unique, "[i]t is axiomatic that Rule 23 cannot 'abridge, enlarge or modify any substantive right' of any party to the litigation." *Cummings v. Connell*, 402 F.3d 936,

944 (9th Cir. 2005) (quoting 28 U.S.C. § 2072(b)). Altering how personal jurisdiction is balanced would indeed disrupt the contours of a defendant's substantive rights.

To hold that Me Bath is subject to claims in Florida for what was allegedly done nationwide by a third-party would impermissibly abridge and modify Me Bath's substantive rights. Plaintiff voluntarily chose a forum that is convenient to him and forced Me Bath into that forum. That choice must yield to Me Bath's substantive rights, including due process, which are guaranteed not to be violated by the class action procedural mechanism. *See id.* To hold otherwise would allow Plaintiff to pursue relief for allegedly offending contacts in other states simply because he claims to be clothed in the representative capacity granted solely by Rule 23. Concluding the analysis in such way would elevate Plaintiff's procedural rights at the expense of Me Bath's substantive rights guaranteed by the personal jurisdictional framework.

### 2. *Third-Party Contacts are Insufficient*

The specific jurisdiction analysis is further complicated by Plaintiff's allegation that Me Bath used a third-party – EZ Texting – to send the texts. (Compl. at ¶¶ 4-5, 40). Me Bath's alleged business relationship with a third-party "is an insufficient basis for jurisdiction." *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. "[T]he bare fact that [Bristol-Myers] contracted with a California distributor is not enough to establish [specific] personal jurisdiction in the State." *Id.* at 1783. "As we have explained, 'a defendant's relationship with a [. . .] third party, standing alone, is an insufficient basis for jurisdiction.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. at ___, 134 S.Ct. 1115 (2014). This is particularly true when that third-party's conduct is alleged to have occurred in other states because, "as in *Walden*, all the conduct giving rise to the nonresidents' claims

occurred elsewhere." *Id.* Finding specific jurisdiction, at this stage, solely on the approach of Plaintiff's representative capacity would ignore Plaintiff's own allegations about the acts of a third-party, and allow Plaintiff to use Rule 23 to subvert Me Bath's substantive rights. The Court should conclude that there is no specific jurisdiction given these circumstances.

**C.     No General Personal Jurisdiction**

"[A] nonresident corporation will be subject to general jurisdiction only in the "exceptional case." *Shipping and Transit, LLC v. WOV, LLC*, 16-cv-80860-BLOOM/Valle (S.D. Fla. Sept. 21, 2016). The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state. A corporation is subject to general jurisdiction in any forum in which its affiliations with the state are so continuous and systematic as to render them essentially at home in the forum state. *See International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction there. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014). A corporation's place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Id.* (citation omitted). These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* (citations omitted).

6

The general jurisdiction inquiry does not "focu[s] solely on the magnitude of the defendant's in-state contacts," but calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. *Id.* at 762 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* "Since *Daimler*, the Eleventh Circuit has clarified that general jurisdiction is only appropriate over nonresident corporate defendants if 'the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Erwin v. Ford Motor Co.*, No. 8:16-CV-01322-T-24AEP, 2016 WL 7655398, at *10 (M.D. Fla. Aug. 31, 2016); *cf. Allen v. IM Solutions, LLC*, 83 F. Supp. 3d 1196, 1204 (E.D. Okla. 2015) (finding that for purposes of general jurisdiction, an LLC is "at home" in the states in which the LLC's members are incorporated and have their principal places of business and in the state in which the LLC has its principal place of business).

This is not an exceptional case. Nor can Me Bath be said to be "at home" in Florida. Plaintiff pleads that Me Bath is a Delaware corporation with a principal place of business in California. (Compl. at ¶ 11). While Me Bath is the parent company over Me Spa Pembroke LLC, that company is its own distinct limited liability company. To the extent that could be considered an in-state subsidiary, that still does not give rise to general jurisdiction. In *Bauman*, the Supreme Court held that courts cannot "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate." *Bauman*, 134 S.Ct. at 759-60. "[A]s long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum may not be attributed to the other." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d. 1286, 1293 (11th

Cir. 2000). Generally, a foreign parent corporation "is not subject to the jurisdiction of the forum state merely because a subsidiary is doing business there." *Id.* Where the "subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary." *Id.* Me Spa Pembroke LLC carries on its own day-to-day business operations, purchases its own inventory, maintains its own licenses, and enters into its own lease agreements, among other things. It is separate and distinct from Me Bath.

Consequently, Me Bath is not subject to specific or general jurisdiction in Florida.

### RULE 12(b)(6)

**A.    Standard for Dismissal**

Under Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). It is insufficient for a plaintiff to allege facts that are "'merely consistent with' a defendant's liability," *Ashcroft*, 556 U.S. at 678 (citation omitted), because "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

**B.    Me Bath did Not "Make" the Texts**

Plaintiff alleges one count for violation of the TCPA – that Me Bath is liable for making any call (text) using an ATDS to a cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii). By its plain terms, Section 227(b) imposes liability only upon

persons that "make" a telephone call or text. *See Melito v. American Eagle Outfitters, Inc.*, 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC) (S.D.N.Y. Nov. 30, 2015) (explaining that "many of the courts that have considered this provision have held that the verb 'make' imposes civil liability only on the party that places the call or text."); *see also Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) ("By its terms, 47 U.S.C. § 227(b)(1)(A)(iii), assigns civil liability only to the party who 'makes' a call [or places a text]."); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. June 25, 2012) ("The plain language of [Section 227(b) of] the TCPA assigns civil liability to the party who 'makes' a call"); *In the Matter of Dish Network*, 28 FCC Rcd. 6574, 6583 (2013) (direct liability under Section 227(b) of the TCPA only can be imposed upon the party that physically places a text message).

While Plaintiff variously claims that "Defendant," or "Defendants," or "third parties directed by Defendant" used an ATDS to "make marketing telephone calls" to Plaintiff and the putative class, Plaintiff's more specific allegations counter this broad sweeping claim. In the "Background Facts," Plaintiff asserts that Me Bath:

> hired a third-party company believed to be Callfire, Inc. d/b/a EZ Texting to send the marketing text messages in question via the '313131' short code to Plaintiff and members of the proposed class. EZ Texting utilizes software and hardware considered to an ATDS in sending the text messages in question.

(Compl. at ¶ 40). This allegation echoes Plaintiff's earlier allegation in the "Nature of the Action" that Me Bath used a "third-party company hired by Defendant to send marketing text messages on Defendant's behalf en masse. [ ] Upon information and believe, the third-party company is Callfire, Inc. d/b/a EZ Texting." (Compl. at ¶¶ 4-5). According to the clearest reading of Plaintiff's allegations, Me Bath did not actually send any of the

9

allegedly offending texts. None of Plaintiff's factual allegations, even if accepted as true, establishes direct liability on Me Bath's part under the TCPA because, put simply, none of those actions involves the making, or physical placement, of a text message. Thus, Plaintiff's sole count under Section 227(b)(1)(A)(iii) should be dismissed.

C. **No Vicarious Liability Under Section 227(b)**

There is no vicarious liability against Me Bath under Section 227(b), either. Unlike Section 227(c), which allows a party "on whose behalf" a text is placed to be liable under the TCPA, Section 227(b) has no such language; it imposes liability solely upon the party that "makes" the text. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1241-1243 (S.D. Fla. May 8, 2013) ("[O]nly those who make calls in violation of section 227(b)(1)(A) may be held liable. Because neither Sheridan nor Florida United made any calls to the Plaintiff, the Court finds they are entitled to summary judgment."), *reversed in part on other grounds, Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014). Me Bath is thus not subject to vicarious liability under the TCPA as alleged by Plaintiff.

Even if vicarious liability could exist, Plaintiff has failed to plead facts showing that EZ Texting is not Me Bath's independent contractor. There is no agency control when the principal has retained a third party as an independent contractor. *See Hunt v. Liberty Lobby*, 720 F.2d 631, 649 (11th Cir. 1983). "Courts have repeatedly emphasized that 'the primary factor to be decided with regard to whether an entity is an independent contractor is the degree of control exercised over the details of the work.'" *Mais*, 944 F. Supp. 2d at 1243-44. There are no allegations that show that Me Bath exerted control over the details of EZ Texting's work such that any alleged relationship would be

10

anything other than that of an alleged independent contractor. *See Harper ex rel. Daley v. Toler*, 884 So.2d 1124, 1131 (Fla. 2d DCA 2004) (agency relationship exists where principal controls the means by which the agent conducts business; where principal controls only the results to be obtained, it is an independent contractor relationship). In sum, Plaintiff has not pleaded a plausible claim for vicarious liability under the TCPA.

### CONCLUSION

For these reasons, Me Bath Spa Experience, LLC, requests that the Court dismiss this lawsuit and award any further relief it deems necessary.

### CERTIFICATE OF SERVICE

This is to certify that on December 29, 2017, a true and correct copy of the foregoing was served via the Court's ECF system on all known counsel of record.

*/s/ William Akins*
William J. Akins