UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-62322-BLOOM/Valle

BILAL SALEH,
individually and on behalf of
all others similarly situated, will do

      Plaintiffs,

v.

ME BATH SPA EXPERIENCE, LLC,

      Defendant.
_____/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING
MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **December 10, 2018 at 9:00 a.m.** Calendar call will be held at **1:45 p.m. on Tuesday, December 4, 2018**. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**. The parties shall adhere to the following schedule:

    **January 24, 2018.** Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies.

    **January 31, 2018.** The parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall jointly **file a notice, and proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and

adhere to all provisions of Local Rule 16.2.  Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court.  Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, **the proposed order is to be emailed to bloom@flsd.uscourts.gov in Word format.**

**March 12, 2018.**  All motions to amend pleadings or join parties are filed.

**March 30, 2018**.  Parties exchange expert witness summaries or reports on issues of class certification.[1]

**April 13, 2018**.  Parties exchange rebuttal expert witness summaries or reports on issues of class certification.

**April 27, 2018**.  Deadline for completing class certification discovery.

**May 11, 2018**.  Plaintiffs file motion for class certification.

**July 17, 2018.**  Parties disclose experts and exchange expert witness summaries or reports.

**July 31, 2018.**  Parties exchange rebuttal expert witness summaries or reports.

**August 14, 2018.**  All discovery, including expert discovery, is completed.

**August 28, 2018.**  Parties must have completed mediation and filed a mediation report.

**September 5, 2018.**  All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  **This deadline includes all <u>dispositive motions</u>.**  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

The parties are further reminded that strict compliance with Local Rule 56.1 is mandated. Pursuant to Local Rule 56.1(a)(2), a statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court.  In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.  Local Rule 56.1(b).  A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment. Each material fact in the statement that requires evidentiary support shall be supported by a specific citation.  This specific citation shall reference pages (and line numbers, if necessary) of exhibits.  When a material fact requires evidentiary support, **a general citation to an exhibit, without a page number or pincite, is not**

---

[1] The bifurcation of discovery in this Scheduling Order does not preclude the parties from engaging in merits discovery during the pre-class certification period, unless otherwise agreed to or ordered by the Court.

**permitted**.  A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts.

In addition, any motion for summary judgment accompanied by more than three (3) exhibits shall also be accompanied by a separately-filed index of exhibits.  Each entry shall provide a title and brief description of the document contained therein, and, if available, reference to the docket entry under which the document was filed—e.g. "ECF No. [50-2]."[2]

**November 13, 2018.**  Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions).  Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**.  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to bloom@flsd.uscourts.gov.  Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**.   Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Alicia O. Valle. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final

---

[2] The Court's electronic filing system, CM/ECF, times out after approximately twenty (20) minutes of inactivity.  If a party is attempting to upload a sizable document, CM/ECF may time out if upload has not completed within the aforementioned period.  Parties may avoid this issue by breaking large filings into smaller documents.

disposition by Magistrate Judge Alicia O. Valle.  **The deadline for submitting a consent is September 5, 2018.**

**<u>Discovery</u>**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  *See* FED. R. CIV. P. 29.  To the extent not abrogated or contradicted by this Order, all agreements and stipulations entered into between the parties prior to this Order continue to bind the parties.  The Court reminds the parties that under the Local Rules, initial and expert disclosures; deposition transcripts; interrogatories; requests for documents, electronically stored information or things, or to permit entry upon land; requests for admission; notices of taking depositions or notices of serving subpoenas; and associated responses, objections, notices or any associated proof of service, **shall not be filed until they are used in the proceeding or the court orders their filing**.  S.D. Fla. L. R. 26.1(b).  Improper filings will be stricken from the record.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court.  The parties must make every effort to resolve discovery disputes without requiring Court intervention.  Strict compliance with the Local Rules is expected, particularly with regard to motion practice.  *See* S.D. FLA. L.R. 7.1.

**<u>Discovery Disputes</u>**.  Magistrate Judge Alicia O. Valle requires an **expedited briefing schedule** and **shortened page limitation** for discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good faith conference) to prevent delay to the pretrial schedule.  The parties shall file responses and replies to discovery motions no later than **seven (7) days** after a motion, or response, is filed.  Any discovery motion and response, including the

4

incorporated memorandum of law, shall not exceed **ten (10) double-spaced pages**. Any reply memoranda shall not exceed **five (5) double-spaced pages**. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

**DONE AND ORDERED** in Miami, Florida, this 10th day of January, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record