**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-62322-BLOOM/Valle**

BILAL SALEH,
individually and on behalf of
all others similarly situated, will do

       Plaintiffs,

v.

ME BATH SPA EXPERIENCE, LLC**,**

       Defendant.

_____/

## ORDER

    **THIS CAUSE** is before the Court upon Defendant's Motion to Stay Proceedings Pending a Ruling by the D.C. Circuit Court of Appeals, ECF No. [9] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted**.**

## I.    INTRODUCTION

    Plaintiff has filed a putative class action against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), for sending text messages using an automatic telephone dialing system ("ATDS") to his cellular telephone without his consent. *See* ECF No. [1]. The TCPA makes it unlawful for any person to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Critical issues in this case

will involve the meaning of "ATDS" and whether Defendant indeed used an ATDS when contacting Plaintiff and the putative class members.

In the Motion, Defendant seeks to temporarily stay these proceedings until the D.C. Circuit Court of Appeals issues its decision in the consolidated appeal of *ACA International v. Federal Communications Commission*, Case No. 15-1211 ("the D.C. Circuit appeal"). By way of background, the TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In 2015, the Federal Communications Commission ("FCC") issued a ruling in which it defined ATDS broadly to include equipment with the "potential ability" to hold or store telephone numbers and rejected a definition that would interpret the word "capacity" to mean "current capacity" or "present ability." ECF No. 9-2 at 7. Now on appeal, the D.C. Circuit will consider the question of whether the FCC "interpreted ATDS in a way that unlawfully turns on the equipment potential rather than present abilities, nullifies the statutory random-or-sequential-number-generation requirement, and provides inadequate guidance to regulated parties." ECF. No. [9-1] at 10. Given the impact the D.C. Circuit's opinion will have on Plaintiff's claim in this action, Defendant argues that the case should be temporarily stayed. *See* ECF No. [9]. Plaintiff filed a timely Response and Defendant filed a timely Reply. *See* ECF Nos. [11] and [16]. The Motion is now ripe for review.

## II.    LEGAL STANDARD

A district court may stay a case pending the resolution of a related case before a different court under a variety of circumstances. *Ortega Trujillo v. Conover & Co. Commc'ns,* 221 F.3d 1262, 1264 (11th Cir. 2000). For example, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Id.*

(citing *Clinton v. Jones,* 520 U.S. 681 (1997). District courts may consider "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Owens-Benniefield v. Nationstar Mortg. LLC*, No. 8:17-CV-540-T-33TGW, 2017 WL 1426720, at *2 (M.D. Fla. Apr. 21, 2017).

If a district court, in its discretion, stays a case pending the resolution of related proceedings in another forum, "the district court must limit properly the scope of the stay." *Id.* Critically, "a stay must not be 'immoderate.'" *Id.* (quoting *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir.1982)). To determine whether a stay is "immoderate," the Court must consider the scope of the stay, including its potential duration. *Id.* (citing *Hines v. D'Artois,* 531 F.2d 726, 733 (5th Cir.1976)). "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.,* 299 U.S. 248 (1936).

## III.   ANALYSIS

At the outset, the Court recognizes that, over the last two years, district courts throughout the country have been confronted with the precise question presented here – whether the proceedings should be stayed while awaiting a ruling from the D.C. Circuit. There is no clear consensus among the courts. Many courts in TCPA cases have entered a stay, finding that the D.C. Circuit's opinion will clarify the law, which in turn will assist the district court in reaching a decision, that a stay at the early stages will not prejudice the plaintiff, and that a stay will not be "immoderate" given the forthcoming ruling. *See Coatney v. Synchrony Bank*, No. 616CV389ORL22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016) ("[T]he Court agrees

with recent district court decisions in the Eleventh Circuit that have found, under similar circumstances, that a stay pending the resolution of *ACA International* is warranted.") (collecting cases); *Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-CIV, 2017 WL 1733855, at *2 (S.D. Fla. Apr. 14, 2017)("Here, the Court also considers persuasive that oral arguments in *ACA International* occurred on October 19, 2016, and—far from 'indefinite' or 'indeterminate'—a decision remains imminent."). In this case, the definition of ATDS will be a threshold issue as Plaintiff's entire claim under the TCPA is premised upon the use of such a dialing system. Waiting for a ruling from the D.C. Circuit will benefit both parties as it will clarify the definition of ATDS. Such a clarification will assist the Court in adjudicating the issues, will frame the pertinent discovery for the parties, and will conserve judicial resources. In addition, the stay will not prejudice Plaintiff given that the D.C. Circuit's ruling is imminent, as further explained below, and this case remains in its beginning stages. In fact, the Court only issued its Scheduling Order earlier this week, *see* ECF No. [19], and discovery has only recently begun.

Plaintiff directs the Court to opinions from other courts finding that the requested stay should be denied as immoderate. However, many of those decisions denied the stay because the D.C. Circuit appeal was, at that time, in its infancy, making the length of the stay indeterminate. *See Sliwa v. Bright House Networks, LLC*, No. 216CV235FTM29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) ("First, there is no indication of when the D.C. Circuit will hear oral argument in *ACA International*, let alone issue an opinion."); *Mancini v. JPMorgan Chase Bank, N.A.*, No. 1:15-CV-61524-UU, 2016 WL 1273185, at *1 (S.D. Fla. Mar. 28, 2016)(opinion issued seven months before oral argument was held in D.C. Circuit appeal); *Leachman v. Discovery Financial Servs., LLC*, No. 15-62120-PAS (S.D. Fla. Jan. 12, 2016) ("In light of the disputed relevance of the FCC's July 2015 Order, *and the indeterminate timeline of its appellate*

*review*, Defendant's Motion to Stay pending Appellate review of the FCC Order is denied.") (emphasis added).

While this Court cannot determine with certainty when the D.C. Circuit will issue its opinion, Defendant directs the Court to statistics for last five years revealing the median time for the issuance of an opinion by the D.C. Circuit. The most recent statistics compiled by the United States Courts in September of 2017 reveal that the D.C. Circuit's median time from the filing of a notice of appeal until the disposition of the appeal was 11.9 months. *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile0930.2017.pdf (last visited Jan. 11, 2018). The D.C. Circuit heard oral argument in *ACA International* fifteen months ago on October 19, 2016. *See* ECF No. [9-3]. This does not account for the number of months the appeal was fully briefed and pending prior to oral argument. Given the median timeframe for the D.C. Circuit's issuance of opinions and the length of time the appeal has been fully briefed with the benefit of oral argument, this Court concludes that a decision is imminent and any stay of these proceedings is likely to be brief.

Objecting to the Motion, Plaintiff also argues that a stay would be immoderate because the parties to the D.C. Circuit appeal will likely challenge the decision at the Supreme Court level and such a challenge will lead to an indeterminate stay. In support of this argument, Plaintiff cites to several decisions finding that a stay would be immoderate given the possibility of further appellate review. *See Owens-Benniefield*, 2017 WL 1426720, at *2; *Terec v. Reg'l Acceptance Corp.*, No. 8:16-CV-2615-T-30MAP, 2017 WL 662181, at *2 (M.D. Fla. Feb. 17, 2017). However, in its Reply, Defendant stipulates that the requested stay is *only* until the D.C. Circuit issues its opinion. *See* ECF No. [16] at 4. Defendant does not ask the Court to expand the stay to future hypothetical proceedings at the Supreme Court level and this Court declines

any invitation to speculate as to whether the parties in the D.C. Circuit appeal will seek further review and the impact such hypothetical proceedings will have on this lawsuit.

The Court also notes that several of the cases upon which Plaintiff relies are factually distinguishable in that they involved additional claims unrelated to the D.C. Circuit appeal. For example, in *Owens-Benniefield*, the plaintiff stated a claim under the TCPA for calls made by an ATDS *and* calls using an artificial and prerecorded voice *in addition* to claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. 2017 WL 1426720, at *2. Because the outcome of the D.C. Circuit appeal would not impact the plaintiff's alternate TCPA claim or other statutory claims, the *Owens-Benniefield* court found this weighed against a stay. *Id.* Similarly, in *Terec*, the plaintiff alleged violations of the TCPA for use of an ATDS *and* a pre-recorded voice. *See* 2017 WL 662181, at *2. The district court determined that the D.C. Circuit's ruling was not dispositive as the alternate TCPA claim involving the use of a pre-recorded voice remained intact regardless of the appeal's outcome. *Id.* Here, Plaintiff advances one theory of liability – Defendant allegedly violated the TCPA by using an ATDS. *See* ECF No. [1]. Thus, the D.C. Circuit's ruling will directly impact this case regardless of the appellate court's decision as it will certainly clarify the definition of ATDS.

Finally, as an additional basis to deny the stay, Plaintiff directs the Court to three decisions from the Middle District of Florida and argues that a stay would violate the Hobbs Act. "The Hobbs Act . . . expressly confers on the federal courts of appeals 'exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of' such FCC orders." *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119 (11th Cir. 2014). In these decisions, the district courts declined to stay the proceedings, finding a stay would "amount to a constructive refusal to enforce the FCC's interpretation [of the ATDS definition], which this

Court is prohibited from doing." *Williams v. Bluestem Brands, Inc.*, No. 8:17-CV-1971-T-27AAS, 2017 WL 6507226, at *1 (M.D. Fla. Dec. 15, 2017); *see also Sliwa v. Bright House Networks, LLC*, No. 216CV235FTM29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) ("Granting a stay premised on the contention that the FCC got it wrong could, in fact, amount to a constructive 'refus[al] to enforce an FCC interpretation . . .'"). These decisions rely upon the Eleventh Circuit's opinion in *Mais,* which found that a district court violated the Hobbs Act when it declared that a 2008 FCC ruling was inconsistent with the TCPA. Unlike *Mais*, the Hobbs Act is not implicated here as this Court is not commenting upon or opining upon the validity of the FCC's interpretation and definition of ATDS. Likewise, this Court is not refusing to enforce the FCC's interpretation of ATDS. Instead, the Court is briefly staying the case given the imminence of the D.C. Circuit's decision and the benefit that such clarification will provide the Court and the parties throughout the proceedings, including the discovery process. *See Miccosukee Tribe of Indians of Florida v. S. Florida Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (finding that the district court's reason for staying the case – "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues" in the case – was an "excellent" reason for staying the case).

## IV.     CONCLUSION

Given the imminence of the D.C. Circuit's decision, the lack of prejudice to Plaintiff, the impact the decision will have on this case, and the consequent conservation of judicial resources, the Court concludes that a limited stay is appropriate. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Stay Proceedings Pending a Ruling by the D.C. Circuit Court of Appeals, **ECF No. [9]**, is **GRANTED**.

2. All proceedings in the above-styled action are **STAYED** pending a ruling from the D.C. Circuit Court of Appeals in *ACA International v. FCC*, Case No. 15-1211.

3. The parties shall move to reopen this action within seven days of the issuance of the D.C. Circuit's Mandate in *ACA International v. FCC*, Case No. 15-1211.

4. The Clerk shall **CLOSE** this case for administrative purposes only.

5. Any pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELLED**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of January, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record